UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                              )
                                    )
    DOYLE FRANKLIN BROOKS        )    Case No. 04-13685-SSM
    SANDRA APONICK BROOKS        )    Chapter 7
                                    )
        Debtors              )

**MEMORANDUM OPINION AND ORDER**

Before the court is the debtors' motion to reopen their closed case so that they may file an amended schedule of assets listing a legal malpractice claim against the attorneys who represented them in their bankruptcy case, so that the trustee could then abandon that claim, thereby freeing them to prosecute it in state court for their own benefit. The attorneys did not file a written response to the motion, but counsel appeared on their behalf at the hearing and opposed the reopening. The former trustee did not file a response or appear at the hearing. Following the hearing, the attorneys and the debtors provided the court with copies of the complaint, the state court order dismissing it, and the transcript of the judge's ruling.[1] For the reasons stated, the case will be reopened, but with appropriate restrictions to prevent an improvident abandonment of the claim.

Background

Doyle Franklin Brooks and Sandra Aponick Brooks filed a joint petition in this court on September 1, 2004, for relief under chapter 7 of the Bankruptcy Code and received a discharge

---

[1] The debtors also filed a motion to strike the post-hearing letter from the attorneys' counsel transmitting the complaint and order. That motion will be denied.

1

of their dischargeable debts on December 3, 2004.  Their petition and schedules were prepared by attorneys Robert R. Weed and Nancy O. Ryan.  On their schedules, the debtors listed a total of $143,207 in debts, including a priority debt of $68,125 for "2000 Taxes - write off" owed to the Internal Revenue Service.  The trustee filed a report of no distribution, and the case was closed on December 10, 2004.

Approximately 5 months later, the debtors—still represented by Mr. Weed and Ms. Ryan—commenced an adversary proceeding in this court to determine the dischargeability of the debt to the IRS.  A trial was held on August 11, 2006, and a judgment was entered that same date determining that the debtors' federal income tax liability for tax year 2000 was nondischargeble under § 523(a)(1), Bankruptcy Code.[2] *Brooks v. I.R.S. (In re Brooks)*, A.P. No. 05-1308 (Bankr. E.D. Va., August 11, 2006).

Some three years later, the debtors filed a legal malpractice action against Mr. Weed and Ms. Ryan in the Circuit Court of Loudoun County, Virginia, alleging that the attorneys had undertaken to discharge the year 2000 tax liability but, because they filed the petition too early, failed to accomplish that goal.[3]  Complaint, *Brooks v. Weed*, No. CL00057660.  The attorneys

---

[2] The issue litigated was whether the 2000 federal income tax return was last due, including extensions, more than three years before the filing date.  The government's evidence at the trial was that the debtors had requested two extensions, the first to August 15, 2001, and the second to October 15, 2001. (The return was not actually filed until April 15, 2002.)  As the second extension date was within three years before the filing of the petition, the court ruled that the taxes fell within the priority definition of § 507(a)(8)(A)(i), Bankruptcy Code, and were therefore nondischargeable under § 523(a)(1)(A), notwithstanding the testimony of both Mr. and Ms. Brooks that they did not recall filing a request for an extension.

[3] The complaint is not entirely correct in stating the reason the tax debt was not discharged, although it may correctly set forth an independent reason why it would not have been discharged. The sole ground relied on by the government was that the two extension requests

(continued...)

filed a plea in bar, which the state court granted by order entered on April 1, 2010, dismissing the action with prejudice. The present motion to reopen the bankruptcy case was filed on March 26, 2010 (after the state court hearing on the plea in bar but before the order had been entered reflecting its ruling).

## Discussion

### A.

A closed bankruptcy case may be reopened for, among other reasons, to administer assets or to accord relief to the debtor. § 350(b), Bankruptcy Code. Whether to reopen a closed case is discretionary with the court. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324 (4th Cir. 1984). However, a case should not be reopened if doing so would be futile, because no relief would be afforded. *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995). Here, Mr. Weed and Ms. Ryan contend that the state court's dismissal of the malpractice suit "with prejudice" effectively extinguishes the cause of action, with the result that reopening the case to schedule it would be a futile act.

As a threshold matter, the debtors argue that their former attorneys (besides having procedurally defaulted by not filing a written opposition to the motion)[4] lack standing to object

---

[3](...continued)
caused the return to be last due within three years before the filing of the petition. During opening statements, the court did bring to the parties' attention that—even putting aside the disputed factual issue of whether the debtors had requested an extension to file the 2000 return—the taxes appeared to be nondischargeable because the running of the three-year look-back period was tolled during a prior chapter 13 case. But because the government did not rely on that ground, the court made no formal ruling.

[4] The debtors did not include the attorneys (or counsel who was representing them in the malpractice action) on their certificate of service. However, because both attorneys are still
(continued...)

to the reopening of the case. The court does not concur. The appearance of Mr. Weed and Ms. Ryan as counsel for the debtors has never been withdrawn, nor has an order substituting counsel been entered, as a result of which they remain counsel of record. But more importantly, even if they were not already participants in the case, they have a concrete stake in the outcome of the motion which is sufficient to confer constitutional standing and a right to be heard. The goal of the motion, after all, is to revive a cause of action against them which currently stands dismissed with prejudice. If the bankruptcy case is <u>not</u> reopened, they will be spared the expense and risk of having to litigate the claims brought against them. If the case <u>is</u> reopened, there is a possibility that the suit against them will be revived and they may be required to answer in damages. That is surely sufficient, in the court's view, to confer standing to oppose the motion to reopen.

On the underlying issue, however, of whether the dismissal of the state court action "with prejudice" renders the reopening of the case to schedule the malpractice claim futile, it is far from clear just what preclusive effect the dismissal actually has. The state court determined that since the alleged act of malpractice—namely the decision to file the petition prior to the date the 2000 taxes would have been dischargeable—occurred prior to the filing of the petition, the cause of action was property of the bankruptcy estate. As such, only the trustee would have standing

---

[4](...continued)
listed on the docket sheet as counsel for the debtors, they would have received notice of the motion through the court's electronic filing system. But given that any such notice was accidental and was not intended by the debtors, the court is not inclined to default the attorneys solely because they did not file a written response to the motion as required by Local Bankruptcy Rule 9013-1(H).

to prosecute it unless the cause of action were either abandoned or exempted.[5]  Because the debtors lacked standing, the state court held that the action was a "nullity" and dismissed it.  In so doing, it followed  the decision of the Supreme Court of Virginia in *Johnston Memorial Hospital v. Bazemore,* 277 Va. 308, 672 S.E.2d 858 (2009), which addressed a similar situation in the context of a wrongful death action. The plaintiff in that case was the wife of the decedent and filed the suit as administratrix of his estate before she had actually qualified as such.  She then attempted to non-suit the action—which under Virginia law would have allowed her six months to refile—but the Virginia Supreme Court held that, since she lacked standing at the time the suit was filed, the action was a nullity and could not be non-suited.  The Court reversed the trial court's granting of the non-suit and dismissed the action with prejudice.

The *Bazemore* opinion does not discuss why the dismissal was with prejudice.  One could surmise, reading between the lines, that the Court did so because the statute of limitations on the wrongful death claim had passed, and in the absence of a right to non-suit, the plaintiff could not take advantage of the six-month extension for non-suited actions.  In the present case, by

---

[5]  A trustee may, after notice and a hearing, abandon any property of the estate that is burdensome or is of inconsequential value and benefit. § 554(a), Bankruptcy Code.  And even if not expressly abandoned, an asset that is scheduled but not administered by the trustee is deemed abandoned upon the closing of the case. *Id.* § 554(c). Unscheduled assets, however, remain property of the bankruptcy estate even after the case is closed. *Id.* § 554(c); (d).  Of course, until the adverse ruling in the adversary proceeding (some eight months after the case was closed) the debtors would not as a practical matter have been aware of the malpractice claim. This case thus differs from the more commonly-encountered situation in which a debtor who was or should have been aware of a prepetition cause of action fails to list it on the schedules.  Nevertheless, the fact remains that since the cause of action was not listed on the schedules, it was not abandoned as a result of the case being closed and remains property of the bankruptcy estate.

contrast, the statute of limitation has arguably not yet passed, even without the benefit of tolling.[6] The state court, in its oral ruling,[7] speculated that the running of the statute of limitations likely explained why *Bazemore* had been dismissed with prejudice. At the same time, the court felt bound, in the absence of definitive language in the opinion to that effect, to honor the holding of *Bazemore* by dismissing the debtors' attempted suit "with prejudice." In doing so, however, the court expressly stated that it was making no determination as to the preclusive effect of the dismissal. As the court explained:

> I'm not deciding what the legal effect is of a dismissal of a suit that is by agreement and by the Court finding is a nullity – what the legal effect of a dismissal with prejudice is. What does that mean? If it's a nullity and dismissed with prejudice, does that have any preclusive effect? I'm not going to reach that today because I don't think I can. . . . So that may put us back in here seeing each other in the future but I at least have stated for the record that I'm not reaching any preclusive effect one way or the other.

Transcript, March 12, 2010, p. 33-34 (Doc. # 25). Thus, there is at least a possibility, notwithstanding the formal dismissal with prejudice, that the action could still be maintained by the trustee, or, if the trustee abandons the action, by the debtors, provided, of course, that the statute of limitations has not run in the interim. Accordingly, reopening the case would not necessarily be futile.

---

[6] In Virginia, the statute of limitations for breach of contract applies to legal malpractice actions. *Shipman v. Kruck,* 267 Va. 495, 501, 593 S.E.2d 319, 322 (2004); *MacLellan v. Throckmorton*, 235 Va. 341, 343, 367 S.E.2d 720, 721 (1988). If there is a written retainer agreement, the 5-year limitation period for breach of a written contract applies, otherwise the 3-year period for oral or implied contracts. Va. Code Ann. § 8.01-246. In either event, the statute of limitations "begins to run when the attorney's services rendered in connection with that particular undertaking or transaction have *terminated* . . . ." *Keller v. Denny*, 232 Va. 512, 518, 352 S.E.2d 327, 329 (1987) (emphasis added).

[7] The transcript of the ruling is attached to, and incorporated in, the order of dismissal.

B.

The court, however, is concerned by the debtors' representations—made both to this court and to the state court—that the former trustee has already agreed that he would abandon the cause of action if the case is reopened.[8]  It is far from clear why he would do so.  The debtors suggest that the trustee has concluded that the malpractice cause of action would be exempt under § 34-28.1, Code of Virginia, which provides that "all causes of action for personal injury or wrongful death and the proceeds derived from court award or settlement shall be exempt from creditor process against the injured person," subject only to certain statutory liens not relevant here.  Although it is true that the term "personal injury" as used in § 34-28.1 is not limited to bodily injury and has been construed, for example, to include even certain employment discrimination claims, *see, e.g., In re Webb*, 214 B.R. 553 (E.D. Va. 1997), it seems highly unlikely that a legal malpractice claim would qualify as a "personal injury."  And if not exempt, the cause of action would be available to pay the claims of creditors.  The trustee could pursue it for the benefit of the estate, or he could settle it with the defendants.  Only if he were to determine that the cause of action was without merit or was such a long shot that litigation would be unduly burdensome would he be justified in abandoning it, and even then, only after notice and a hearing.  The court will accordingly require that any issue as to exemption or abandonment be brought before the court after appropriate notice.

---

[8]  Although the former trustee does not automatically become the trustee if a case is reopened, it is common for the United States Trustee to reappoint the former trustee.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. This case is reopened for the purpose of allowing the debtors to file amended schedules of assets and (if appropriate) exemptions. Any such schedules shall be filed no later than 30 days after the entry of this order.

2. The United States Trustee shall appoint a trustee to serve in the reopened case.

3. The trustee shall not fail to bring before the court any claimed exemption of the malpractice cause of action and shall not abandon any such cause of action without notice to all creditors and to the parties against whom the cause of action is asserted.

Date: _____         _____
                                                  Stephen S. Mitchell
Alexandria, Virginia                              United States Bankruptcy Judge

Copies to;

Doyle Franklin Brooks
5613 Smith Station
Fredericksburg, VA 22041

Sandra Aponick Brooks
500 Giles Place
Sterling, VA 20164

Thomas K. Plofchan, Jr., Esquire
Plofchan & Associates
46308 Cranston St. Suite 225
Sterling, VA 20165

Matthew W. Lee, Esquire
Wilson Elser Moskowitz Edelman
 & Dicker, LLP
8444 Westpark Dr., Suite 510
McLean, VA 22102-5102

Nancy Olszewski Ryan, Esquire
Law Office of Nancy O. Ryan
8116 Arlington Blvd #355
Falls Church, VA 22042

Robert R. Weed, Esquire
Law Offices Of Robert Weed
7900 Sudley Road, Suite 409
Manassas, VA 20109